OPINION OF THE COURT — by the
Hon. POWHATTAN ELLIS.
From a view of the record, I find, the plaintiffs have declared against *88 the defendant in the following words: Slate of Mississippi, Claiborne County, Superior Court, September term 1820. Edward Cushing, Isaac Cushing, John Cushing, by his guardian, Edward Cushing, Ralph Cushing, Anna Cushing Gideon Backer and Terese his wife, Ira Thomas and Betsey his wife, legal representatives of the estate of Elijah Cushing deceased by Martin D. Cushing their attorney, complain of James Gibson in custody &c. Joseph Panel, not found, of a plea of trespass on the case-. That the said Gibson render unto the said plaintiffs the sum of nine hundred and fifty-five dollars, which he owes to and unjustly detains from them. For that whereas, on the twenty fifth day of November 1818, the said James &. Joseph at said county, to wit, did make their certain instrument in writing, obligatory, commonly, called a bill single, of the date aforesaid, which is to the court now here shown, with their own proper names thereto subscribed under seal, and then and there delivered the same to the plaintiffs, whereby, on the 23d day of May 1820, they did jointly, and severally, promise and oblige themselves, they, or either of them, to pay unto John Ruth, Curator of the estate of Elijah Cushing deceased, or to the legal representatives of said estate, the sum of nine hundred and fifty-five dollars, and, to which declaration, there is a general ■demurrer filed, which on argument was sustained by the court. Whereupon the plaintiffs by their counsel except to the opinion, and pray that 'their bill of exceptions may be signed sealed and enrolled, &c. It is a well established principle in pleading, that the plaintiff must set forth the ■cause of his complaint with clearness and precision, to a certain extent in general, which should pervade the whole declaration, and is particularly acquired in setting forth the parlies, time, place, and other circumstances, necessary to maintain the action. 1 Chitty 255. Tidds Practice, 3d •edition 405. If a different rule were to prevail, the informality and •looseness of a plaintiff’s declaration, might work the greatest injustice, by taking the defendant by surprise. There should then be an allegation of all the circumstances necessary for the support of an action and it should contain, a full, regular and methodical statement of the injury which the plaintiff has sustained, with the time and place and other cir-■c'umstances, with such precision, certainty, and clearness, that the defendant, knowing what he is called upon to answer, may be enabled to plead *89 10 and traverso the facts alledged against him, so that the jury may be empowered to pass with justice upon the rights of the parties, and that the court may render such judgment as the law directs. 6, East 422,3,5, Term Reports 623. Edward Cushing and others, came into court, and filed their declaration against the defendant, in the character of the legal representatives of Elijah Cushing deceased. The word legal representatives may be considered a generic description, out of which we may have many species, such as heirs, aliens, executors and administrators, administrators de bonis non, and administrators with the will annexed. If this be a fact, and the declaration be held sufficient, it is manifest that the defendant will be deprived of the privilege of controverting their existence under either head of the species, for they do not describe themselves as being ono or the other. Ifthe plaintiffs were suffered to recover under the present state of the pleadings, could such a recovery be pleaded in bar by the defendant, in the subsequent suit for the same cause of action, by an executor or administrator? I think not. For every plea in bar must be adapted to the nature of the action, and conformable to the court, in order to bar the action, which cannot bo done by the present defendant, as he would have to make the judgment of the court in the former recovery, the basis of his plea in bar. ‘ 1 Chitty 567. I East. 411. Then it would bo clearly contrary to every principle of law and justice, to make him answerable in this case, wlroro ho would be liable to be harrassed by die same persons, under different descriptions, for the very same cause of action. I will further illustrate iny views upon this subject, by a reference to some of the most approved precedents. In 2d Chitty 64, it is said if an administrator come into court as the representative of his intestate, he must declare in the following words: “A. B. administrator of all and singular the goods and chatties, rights and credits, which were of E F deceased, at the time of his death, who died intestate, complains of C D, being in custody &c. From an examination of the case of Cook vs. Calcraft 3 Wilson 380,1 find the same doctrine recognised. So of an executor, or of an administrator de bonis non, they must be. represented in the pleadings in their special representative character, or the defendant will not he put to answer. • The rights of executors and administrators are very different, bothin and out of court, and this is sufficient to establish the justice. *90 of the principle of the law we have laid down. In the first case, executors have all those powers given by the testator in his will, which are not inconsistent with the established laws of the country, while in the latter instance,^ administrator derives his power and authority in England from the ordinary, and from the Orphans Court in this state, and he can only exercise those rights, which appertain to him'as an administrator. The case of Eppá vs. Dumorel referred to by defendant’s counsel, in 2 Call, is •not in point. There it was decided by three .judges against two, that the heir may maintain an action of debt on a bond to his ancestor, conditioned for quiet enjoyment Of lands, when the breach has happened since the death of the ancestor.. But in the case now before us, the writing obligatory was entered into since the death of Elijah Cushing, and made payable to Job Ruth, the curator, or the legal representative of the estate of said Cushing, and cannot be likened to the case cited where it was determined by the court, the bond of the ancestor, conditioned for quiet enjoyment, was the right of the heir, as the legal representative of the real estate of the testator, the breach being after his death. But if, before the rights of the executor, created, have accrued, as the legal representative of the decendents personal chattels, and the recognition of this doctrine, at once proves, the necessity of the plainfiff’s-shewing precisely in what character he comes into court, for upon this will materially depend the right he has to recover. The heir at law of Elijah Cushing deceased, could not sustain an action on the note mentioned and described in plaintiff’s declaration, because it is a chose -in action, and belongs to either the executor, or administrator, yet they are the legal representatives of the estate of the deceased. From every view of this case, we have not been able to discover, that the decision of the judge who presided below was incorrect.
Let the judgment of the court below be affirmed.